# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**TONY ANTHONY GRIFFIN**  **PLAINTIFF**
**ADC #150964**

V.                              NO. 3:24-cv-211-DPM-ERE

**JOE VINCENT and**
**WARFIELD**                    **DEFENDANTS**

## ORDER

*Pro se* plaintiff Tony Anthony Griffin has filed a motion for declaratory and injunctive relief. *Doc. 12*. Mr. Griffin's motion alleges that unidentified individuals have continued to fail to provide him medical care. He requests unspecified declaratory and injunctive relief and states that he is "asking the [C]ourt for help." For the reasons explained below, Mr. Griffin's motion (*Doc. 12*) is denied.

A preliminary injunction "is an extraordinary remedy," and the moving party bears the burden of showing he is entitled to such relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Finally, in prisoner cases, any prospective relief granted must be "narrowly drawn," extend "no further

necessary to correct" the Eighth Amendment violation and be the "least intrusive means necessary" to correct the constitutional violation. 18 U.S.C. 3626(a)(1)(A).

Therefore, the Court must be particularly cautious when resolving requests for injunctive relief from prisoners, especially where, as here, discovery has not been completed and the facts are still undeveloped.[1]

The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id*.

Mr. Griffin is currently proceeding on claims that, on September 27, 2024, Defendants Vincent and Warfield used excessive force against him, then failed to provide him medical care for the injuries that he sustained during the incident. Mr. Griffin's motion for relief appears to be based on new allegations, arising from events that occurred *after* Mr. Griffin filed this lawsuit and involving different, unidentified ADC officers or medical staff members. If Mr. Griffin seeks to pursue new medical deliberate indifference claims, or related injunctive relief, he must do so in a new lawsuit.

---

[1] At this time, Defendants have not responded to Mr. Griffin's amended complaint.

2

In addition, Mr. Griffin fails to request any specific relief from the Court. As a result, if the Court were to grant the motion, there are no terms to be enforced. See FED. R. CIV. P. 65(d) (providing that "every injunction and restraining order must . . . state its terms specifically . . . and describe in reasonable detail . . . the act or acts restrained or required").

Finally, Mr. Griffin failed to submit a brief in support of his motion as required by this Court's Local Rules. See Local Rule 7.2(e) (motions for temporary restraining orders and preliminary injunctions "shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief"); compare FED. R. CIV. P. 65(a) (requirements for obtaining a temporary restraining order <u>without</u> notice to the opposing party) with (b) (requirements for obtaining a preliminary injunction <u>with</u> notice to the opposing party).

If Mr. Griffin seeks specific preliminary injunctive relief from the Court, he may file another motion specifically explaining: (1) the preliminary injunctive relief he seeks; and (2) why he needs the relief now, as opposed to the conclusion of the lawsuit, assuming he is successful on the merits of his claims.[2]

---

[2] When deciding whether to grant a temporary restraining order or preliminary injunction, four factors are relevant: (1) the likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; and (4) the public interest. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). These factors are typically referenced as the *Dataphase* factors.

IT IS THEREFORE ORDERED THAT Mr. Griffin's motion for declaratory and injunctive relief (*Doc. 12*) be DENIED.

DATED 23 January 2025.

_____
UNITED STATES MAGISTRATE JUDGE