# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**TONY ANTHONY GRIFFIN**                                                                   **PLAINTIFF**
**ADC #150964**

V.                              NO. 3:24-cv-211-DPM-ERE

**JOE VINCENT and**
**TIMOTHY WARFIELD**[1]                                                          **DEFENDANTS**

## ORDER

*Pro se* plaintiff Tony Anthony Griffin has filed a motion for the appointment of counsel. *Doc. 19.*

A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the pro se prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the

---

[1] **The Clerk is instructed to update the docket sheet to reflect Defendant Warfield's full name – Timothy Warfield.** *Doc. 16.*

existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

The decision to appoint counsel is based on the circumstances of each case. This case is neither factually nor legally complex. And Mr. Griffin has demonstrated that he can present and pursue his case. It is understandable that Mr. Griffin would prefer to be assisted by court-appointed counsel, but his desire for counsel alone is not the only factor the Court must consider. After considering all relevant factors, the Court declines to appoint counsel at this point in the case.[2]

IT IS THEREFORE ORDERED THAT Mr. Griffin's motion for the appointment of counsel (*Doc. 19*) is DENIED, without prejudice.

Dated 12 March 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] As the case proceeds, the Court will reconsider, on its own, whether counsel should be appointed to assist Mr. Griffin. And if the case is scheduled for trial, the Court will likely appoint counsel to assist Mr. Griffin.